Per Curiam,
pn petition for rehearing. This is a petition for rehearing. The court, without recapitulating the testimony now, refers to what is said in the former opinion relative to the position of Dunham’s'survey and Cornelius Drake’s survey. We adhere to that opinion. As to the beginning of Funkhouser’s survey, as called for by the entry, the 640 is to be “ on Little Harpeth, two and a half miles helow the south road, &c., beginning one quarter above his improvement, and half a mile on the east side of the river, running west and south for quantity, to include the spring and improvement.” This latter call was wholly useless, if he were to begin at the Letter A, for running west and south from thence, there could not be a doubt of their inclusion. The point spoken of must unite these characters: one quarter above the spring ; one half from the river on the east side ; and it must also be one that by a west line will include the spring. That is not true of A, nor of the termination of a quarter above the spring on the river, nor of the termination of a line east from thence half a mile, nor a point north of that so as by a west line to include the spring. But it is true of a line running west so as just to include the spring, reversed from its intersection with the river helow the spring and continued to a point half a mile from the river, and a quarter from the spring. That will be one beginning uniting all these calls, and will be on the north boundary as run by Molloy, a short distance west of his beginning, and east of the corner made *192 for Crocket. A line 320 from thence will terminate on the line between II and K beyond Molloy’s * west boundary, and west of Drake’s east boundary, and not interfering with Drake’s survey. On further reflection, the court is of opinion that this is the beginning called for in the entry ; and is capable of being ascertained with sufficient precision by mathematical experiment. So far the court changes its former opinion. But the change makes nothing in favor of Crocket, the assignee of Funkhouser, for his survey, as made, includes the lands in question, which would not have been included had it been rightly surveyed. It is urged that a survey in an oblong form, from the beginning now fixed on as the right one, with longitudinal lines of twice the breadth of rectangular parallel ones, at each end of the tract, would have included the land in controversy. . That is not clear ; it might perhaps have included some, internally adjoining the east boundary of Drake’s survey. If needful, that can be ascertained. First, however, let us see whether it be needful to ascertain it. Say it would be included by an oblong, and excluded by a square. A square is chosen and misplaced, so as to be on the land in controversy, which a square beginning at the right place would not have taken in; the oblong would have included it. But can the enterer be allowed the benefit of both oblong and square ? Whenever he has chosen the square form, he shows that all beyond that was not in his entry. If the oblong form, then all beyond that is no part of his entry. His after act has shown the meaning of the entry, which was before doubtful. The adoption of a square is an actual renunciation of all that is not included in a square, beginning at the corner called for in his entry. Suppose, in this case, the north boundary made by Donelson had been as far south as the north boundary made by Molloy, then the survey would have included lands on the south, which could not have been included by an oblong from the proper beginning. According to this doctrine, he would have held those out of the oblong, because * a square would have taken them, and also those now in controversy because an oblong would have taken them, taking to himself a double advantage for not observing the rules prescribed by law._ The law directed the form to be in a square or oblong to prevent the picking out of fertile spots, omitting the less valuable. By observing the directions of the law, the enterer will be obliged to take a portion of each, generally *193 speaking. But if he can survey in a square so as to embrace the lands which a square commencing at the right beginning would not, upon the pretense that the same were within the limits of an oblong, then he picks out lands which he could not have held if either form had been rightly pursued, namely, those which an oblong would exclude, and those which a square would exclude. And this is an evasion of the law. If the survey made in a square be misplaced, but yet comprehended lands which a correct survey in that form would also have comprehended, these are so far within his entry and his title, and will relate to the date of the entry, so far as regards this part. And so if a correct oblong include lands which a misplaced one also covered, this part thus covered by both is a part of the entry, and has the same advantage of relation. But it is not so of any lands covered by an oblong, and not covered by a square beginning at the right corner, which, however, is covered by a square misplaced. And so vice versa. Dismiss the petition.
See White v. Crocket, 3 Hay. 183, and note sub fin.